FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM SHAOUL BENJAMIN,<br>    aka William S. Benjamin,<br>    aka William Shaoul Koriel,<br>    aka William Shawel,<br>    aka William Shawel Goreal,<br>    aka William Sha'oul Koriel<br>        Benjamin,<br>    aka William Sha'oul,<br><br>Defendant. | CR 06-221(B)-MMM<br><br>**S E C O N D<br>S U P E R S E D I N G<br>I N D I C T M E N T**<br><br>[18 U.S.C. § 371:<br>Conspiracy; 18 U.S.C.<br>§ 951(a): Unregistered<br>Foreign Agent; 18 U.S.C.<br>§ 1015(a): False Statement<br>in a Naturalization,<br>Citizenship, or Alien<br>Registry Matter; 18 U.S.C.<br>§ 1425: Procurement of<br>Naturalization Unlawfully] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

1.   At all times material to this Second Superseding Indictment:

a.   Defendant WILLIAM SHAOUL BENJAMIN, also known as ("aka") William S. Benjamin, aka William Shaoul Koriel, aka

William Shawel, aka William Shawel Goreal, aka William Sha'oul Koriel Benjamin, aka William Sha'oul (hereinafter "defendant BENJAMIN") resided in the Central District of California.

b.    The Government of Iraq was a foreign government. From 1979 to 2003, Iraq was ruled by Saddam Hussein and his regime.

c.    The Iraqi Intelligence Service, known in Arabic as the *Da'irat al-Mukhabbarat al-'Amma*, or the *Mukhabbarat*, was the foreign intelligence arm of the Government of Iraq. The missions of the Iraqi Intelligence Service included foreign intelligence collection (the gathering of information regarding the intentions of foreign governments), counterintelligence (the detecting of efforts by foreign governments to gather intelligence about the Government of Iraq), and the collection of information regarding individuals and groups considered hostile to the Government of Iraq.

2.    At no time material to this Second Superseding Indictment was defendant BENJAMIN either:

a.    A duly accredited diplomatic or consular officer of a foreign government, recognized by the United States Department of State;

b.    An officially and publicly acknowledged and sponsored official or representative of a foreign government; or

c.    An officially and publicly acknowledged and sponsored member of the staff of, or employee of, any such officer, official, or representative of a foreign government.

B.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury but no later

2

than July 8, 1993, and continuing until at least through September 3, 2001, in Los Angeles County, within the Central District of California and elsewhere, defendant BENJAMIN, and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed with each other to commit an offense against the United States, specifically, to knowingly act in the United States as an agent of a foreign government, namely, the Government of Iraq, without prior notification to the Attorney General of the United States as required by law, in violation of Title 18, United States Code, Section 951(a).

C.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.    Defendant BENJAMIN would communicate with coconspirators who were intelligence officers of the Iraqi Intelligence Service.

2.    Defendant BENJAMIN would be given the "symbol" or codename "9211" by the Iraqi Intelligence Service, and he and his coconspirators would use such codename in their communications.

3.    Defendant BENJAMIN would receive direction from and act under the control of coconspirators who were Iraqi Intelligence Service officers.

4.    Defendant BENJAMIN would infiltrate groups and organizations located in the United States that were considered by the Iraqi Intelligence Service to be hostile to the Government of Iraq under the leadership of Saddam Hussein.  Defendant BENJAMIN would collect information regarding these groups and

3

organizations, and the individuals in them, and provide this information to coconspirators who were Iraqi Intelligence Service officers.

5. Defendant BENJAMIN would travel to Iraq for the purpose of obtaining training by the Iraqi Intelligence Service.

6. Defendant BENJAMIN would be paid and otherwise compensated by the Iraqi Intelligence Service for his services.

7. Defendant BENJAMIN and his coconspirators would misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, the purposes of and acts done in furtherance of the conspiracy, to avoid detection and apprehension by United States law enforcement authorities.

D. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendant BENJAMIN and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1. On or about June 21, 1993, a coconspirator who was an Iraqi Intelligence Service officer, caused defendant BENJAMIN to be exempt from travel fees, and defendant BENJAMIN's passport to be endorsed and returned to the Iraqi Intelligence Service.

2. On or about November 19, 1994, defendant BENJAMIN received the sum of $2,000 U.S. dollars from a coconspirator who was an Iraqi Intelligence Service officer.

3. On or about January 15, 1995, defendant BENJAMIN received the sum of $4,000 U.S. dollars from a coconspirator who

4

was an Iraqi Intelligence Service officer.

4. On or about January 29, 1995, defendant BENJAMIN left Iraq to travel to the United States.

5. On or about February 1, 1995, defendant BENJAMIN entered the United States at Los Angeles International Airport, using his U.S. alien registration identification.

6. On or about March 17, 1996, defendant BENJAMIN entered Iraq.

7. On or about April 3, 1996, while in Iraq, defendant BENJAMIN received two bottles of whiskey from the Iraqi Intelligence Service in compensation for his services to the Iraqi Intelligence Service.

8. On or about May 26, 1996, defendant BENJAMIN received $2,500 in U.S. dollars from the Iraqi Intelligence Service to cover defendant BENJAMIN's travel expenses.

9. On or about June 13, 1996, defendant BENJAMIN entered the United States at Chicago O'Hare Airport, using his U.S. alien registration identification.

10. On or about October 18, 1997, defendant BENJAMIN was in Iraq and communicated with Iraqi Intelligence Service officers.

11. On or about December 8, 1997, defendant BENJAMIN entered the United States at Chicago O'Hare Airport, using his U.S. alien registration identification.

12. During June 2001, a coconspirator who was an Iraqi Intelligence Service officer or source went to Tunisia to meet with defendant BENJAMIN.

13. On or about July 1, 2001, defendant BENJAMIN entered the United States at New York JFK Airport, using his United

5

States passport.

14.  On or about August 20, 2001, a coconspirator who was an Iraqi Intelligence Service officer directed an associate to telephone defendant BENJAMIN.

15.  On or about September 3, 2001, a coconspirator who was an Iraqi Intelligence Service officer approved an international telephone call to defendant BENJAMIN's telephone number in the United States.

COUNT TWO

[18 U.S.C. § 951(a)]

1.    The Introductory Allegations in Count One of this Second Superseding Indictment are realleged and incorporated as if fully set forth herein.

2.    Beginning on a date unknown to the Grand Jury but no later than July 8, 1993, and continuing until at least through September 3, 2001, in Los Angeles County, in the Central District of California and elsewhere, defendant WILLIAM SHAOUL BENJAMIN, also known as ("aka") William S. Benjamin, aka William Shaoul Koriel, aka William Shawel, aka William Shawel Goreal, aka William Sha'oul Koriel Benjamin, aka William Sha'oul knowingly acted in the United States as an agent of a foreign government, specifically, the Government of Iraq, without prior notification to the Attorney General, as required by law.

COUNT THREE

[18 U.S.C. § 1015(a)]

On or about March 23, 2001, in Los Angeles County, in the Central District of California, defendant WILLIAM SHAOUL BENJAMIN, also known as ("aka") William S. Benjamin, aka William Shaoul Koriel, aka William Shawel, aka William Shawel Goreal, aka William Sha'oul Koriel Benjamin, aka William Sha'oul (hereinafter "defendant BENJAMIN"), knowingly made a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens. More specifically, on his naturalization petition, when instructed to list his employers for the past five years, and when instructed to list his present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place, defendant BENJAMIN failed to state that he had been, and was currently, a paid source for the Iraqi Intelligence Service. Defendant BENJAMIN also declared, under oath, that he absolutely and entirely renounced and abjured all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which he had heretofore been a subject or citizen. In truth and in fact, as defendant BENJAMIN then knew, this declaration was false, in that defendant BENJAMIN was, at the time he made this declaration under oath and thereafter, a paid source for the Iraqi Intelligence Service.

COUNT FOUR

[18 U.S.C. § 1425]

From on or about January 28, 1998, through on or about May 9, 2001, in Los Angeles County, within the Central District of California, and elsewhere, defendant WILLIAM SHAOUL BENJAMIN, also known as ("aka") William S. Benjamin, aka William Shaoul Koriel, aka William Shawel, aka William Shawel Goreal, aka William Sha'oul Koriel Benjamin, aka William Sha'oul (hereinafter "defendant BENJAMIN"), knowingly procured for himself, contrary to law, naturalization as a United States citizen, to which he was not entitled. Defendant BENJAMIN knowingly procured naturalization for himself contrary to law by making, in connection with his naturalization application, material false sworn statements. More specifically, on his naturalization petition, when instructed to list his employers for the past five years, and when instructed to list his present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place, defendant BENJAMIN failed to state that he had been, and was at that time, a paid source for the Iraqi Intelligence Service. Defendant BENJAMIN also declared, under oath, that he absolutely and entirely renounced and abjured all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which he had heretofore been a subject or citizen. In truth and in fact, as defendant BENJAMIN then knew, this declaration was false, in that defendant BENJAMIN was, at the time he made this declaration under oath and thereafter, a paid source for the

Iraqi Intelligence Service. Defendant BENJAMIN knowingly procured naturalization for himself to which he was not entitled by applying for, and obtaining, naturalization, when, as defendant BENJAMIN then well knew, he was not entitled to naturalization as a United States citizen because he had been, and was, an unregistered agent of a foreign power, specifically, a paid source for the Iraqi Intelligence Service.

A TRUE BILL

-S-

Foreperson

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

JUDITH A. HEINZ
Assistant United States Attorney
National Security Section